**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

PHILLIP WALTER SIMON,

        *Plaintiff*,

    v.

SOCIAL SECURITY
ADMINISTRATION, *et al.*,

        *Defendants*.

Civil Action No. 25 - 3452 (LLA)

## <u>MEMORANDUM OPINION</u>

Plaintiff Phillip Walter Simon, proceeding pro se, brings this action against the Social Security Administration ("SSA"), the U.S. Department of Justice ("DOJ"), the U.S. Department of Health and Human Services ("HHS"), and the Office of Child Support Enforcement,[1] challenging the garnishment of his disability benefits to satisfy his child support obligations and his classification by Defendants as a retired veteran.  ECF No. 1.  Mr. Simon seeks a temporary restraining order and a preliminary injunction enjoining Defendants from garnishing his benefits, ECF No. 2, and he has filed seven additional motions seeking various forms of relief, ECF Nos. 14 to 17, 24, 25, 28.  Mr. Simon has also filed several supplemental memoranda and notices.  ECF Nos. 4, 5, 8, 13, 19, 20, 23, 26, 27, 29.  Defendants have filed a combined opposition to the motion for injunctive relief and motion to dismiss.  ECF Nos. 10, 11.  For the following reasons, the court

---

[1] Mr. Simon named as Defendant the "Office of Child Support Enforcement," a subcomponent of HHS that was renamed the Office of Child Support Services in 2023.  ECF No. 11, at 1 n.1; *see* U.S. Dep't of Health & Hum. Servs., Off. of Child Support Servs., *Name Change to Office of Child Support Services*, https://perma.cc/JR48-P5UJ.  The court will thus refer to this Defendant as the Office of Child Support Services.

will grant Defendants' motion to dismiss, deny Mr. Simon's motions as moot, and dismiss Mr. Simon's case.

## I.    FACTUAL BACKGROUND

The court accepts the following factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court further takes judicial notice of public records of other proceedings, *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007), and of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," *Detroit Int'l Bridge Co. v. Gov't of Canada*, 133 F. Supp. 3d 70, 84 (D.D.C. 2015) (quoting Fed. R. Evid. 201(b)(2)).

The Social Security Act generally protects Social Security benefits, which are administered by the SSA, from "execution, levy, attachment, garnishment, or other legal processes." 42 U.S.C. § 407(a). Veterans' benefits are administered by the Department of Veterans Affairs ("VA") and are also exempt from "attachment, levy, or seizure." 38 U.S.C. § 5301(a)(1). However, as relevant here, "[t]he United States has made itself subject to state-authorized garnishment proceedings . . . for the enforcement of child-support obligations" under 42 U.S.C. § 659. *El-Amin v. Comm'r of Soc. Sec.*, No. 23-2209, 2023 WL 7123775, at *4 (3d Cir. Oct. 30, 2023) (per curiam); *see* 42 U.S.C. § 659(a), (h)(1)(A)(ii)(I); 20 C.F.R. § 404.1820 (2025).

Mr. Simon is a veteran who was honorably discharged from the U.S. Army in 2013. ECF No. 1, at 5; *see* ECF No. 2-1 ¶ 2; ECF No. 22, at 20-21, 23.[2] In 2017, the VA rated Mr. Simon as "100% disabled," ECF No. 2-1 ¶ 4, which means that he is "considered to be totally and

---

[2] When citing Mr. Simon's filings, the court uses the page numbers generated by CM/ECF, rather than any internal pagination.

permanently disabled due solely to [his] service-connected disabilities," ECF No. 22, at 23. Mr. Simon receives $2,108.40 in monthly Social Security disability benefits, ECF No. 22 at 14, 18, and $5,122.47 in monthly disability compensation from the VA, *id.* at 28; *see* ECF No. 2-2, at 7.

As part of family court proceedings in the Superior Court of California, Mr. Simon was ordered to pay $500 per month to support his three minor children.[3] Ex. A at 4-5, *Simon v. Cumba*, No. 25-CV-107 (S.D. Cal. Jan. 17, 2025), ECF No. 10-2; *see Watts-Simon v. Simon*, No. 21FL004274N (Cal. Sup. Ct.); Compl. ¶ 5, *Simon v. Cumba*, No. 25-CV-107 (S.D. Cal. Jan. 17, 2025), ECF No. 1; *see also* ECF No. 26, at 7-19 (various motions filed by Mr. Simon in the child support proceedings), 27-31 (Superior Court of California commissioner's findings regarding child support). In June 2025, the County of San Diego Department of Child Support Services ("DCSS") sent an income withholding order to the SSA's Benefits Office for San Diego, instructing the office to "[d]educt a portion of the benefits otherwise payable to [the] Social Security beneficiary" in the amount of $700 per month—$500 for current child support and $200 for past-due child support. ECF No. 11-1, at 1-3.

On July 31, 2025, the SSA sent Mr. Simon a letter notifying him that it "ha[d] been ordered to take $700.00 from each monthly payment . . . to pay [his] obligation for child support, alimony or court ordered victim restitution" in connection with "court order number 200000002737095."

---

[3] Mr. Simon has filed multiple federal suits challenging the dissolution of his marriage and his child support obligations, each of which has been dismissed. *See Simon v. Washington*, No. 25-CV-109 (S.D. Cal. Mar. 6, 2025), ECF No. 13, *appeal dismissed*, No. 25-2159 (9th Cir. July 17, 2025), ECF No. 14 (dismissing appeal as frivolous); *Simon v. Cumba*, No. 25-CV-107 (S.D. Cal. Mar. 6, 2025), ECF No. 23, *appeal docketed*, No. 25-1727 (9th Cir. Mar. 17, 2025); *Simon v. Bostic*, No. 24-CV-1665 (S.D. Cal. Mar. 6, 2025), ECF No. 52, *appeal dismissed*, No. 25-2164 (9th Cir. July 17, 2025), ECF No. 15 (dismissing appeal as frivolous); *Simon v. Superior Ct. of Cal.*, No. 23-CV-889 (S.D. Cal. Jan. 18, 2024), ECF No. 19.

ECF No. 22, at 17; *see* ECF No. 11-1, at 3 (income withholding order with case ID number 200000002737095). The SSA advised Mr. Simon that if he "disagree[d] with the decision of the court that issued the garnishment order," he should contact the court that issued the order. ECF No. 22, at 17.

## II.     PROCEDURAL HISTORY

In September 2025, Mr. Simon filed this action alleging that Defendants are unlawfully garnishing his "VA disability benefits . . . [which] are protected from levy, garnishment, and seizure under 38 U.S.C. § 5301" and that Defendants have "failed to correct or halt reliance on [his] false classification" as a "retired" veteran. ECF No. 1, at 5. Mr. Simon appears to raise claims under 42 U.S.C. §§ 1983, 1985, and 1986; the Due Process Clause of the Constitution; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; 38 U.S.C. § 5301; and the Administrative Procedure Act ("APA"), 5 U.S.C. § 551, *et seq.* ECF No. 5, at 2; *see* ECF No. 4 ¶ 3; ECF No. 22, at 2. The same day, Mr. Simon filed a motion for a temporary restraining order and a preliminary injunction. ECF No. 2. Over the following month, Mr. Simon filed several supplemental submissions in support of his motion. ECF Nos. 4, 5, 8.

In October 2025, Defendants filed a combined opposition to the motion for injunctive relief and motion to dismiss for lack of subject-matter jurisdiction and for failure to state a claim. ECF Nos. 10, 11. Mr. Simon filed a reply in support of his motion for injunctive relief, ECF No. 12; a "Notice to the Court Regarding Defendants' Opposition and Agency Complicity Through Counsel's Omissions," ECF No. 13; and a "Judicial Notice of ADA Accommodation Status and Request for Enforcement of Title VII Compliance," ECF No. 19. He also filed a motion to take judicial notice, ECF No. 14; a motion to stay enforcement of garnishment pending resolution of his federal claims, ECF No. 15; a motion for declaratory judgment, ECF No. 16; and a motion for

writ of mandamus, ECF No. 17.  Defendants' motion to dismiss is now fully briefed.  ECF Nos. 11, 22; *see* Oct. 20, 2025 Minute Order (noting that Defendants need not file any additional responses in light of the lapse of appropriations); *see also* ECF No. 20 (Mr. Simon's opposition to Defendants' notice regarding the lapse of appropriations).

Mr. Simon subsequently filed a "Notice of Readiness for Ruling and Request to Lift Stay as to Pending Motions," ECF Nos. 23, 24, and motions for relief from judgment and to strike Defendants' exhibits, ECF Nos. 25, 28.  He also filed notices of "void state orders" and "federal agency reliance on jurisdictionally defective decrees," ECF No. 26; "fraudulent/defective exhibits and request for judicial scrutiny," ECF No. 27; and "ripeness and demand for immediate ruling," ECF No. 29.

## III.    LEGAL STANDARDS

### A.    Federal Rule of Civil Procedure 12(b)(1)

"Federal courts are courts of limited jurisdiction," and it is generally presumed that "a cause lies outside [of] this limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Under Federal Rule of Civil Procedure 12(b)(1), the court must dismiss an action unless the plaintiff can establish, by a preponderance of the evidence, that the court possesses subject-matter jurisdiction.  *Green v. Stuyvesant*, 505 F. Supp. 2d 176, 177-78 (D.D.C. 2007).  In reviewing such a motion, the court "is not limited to the allegations set forth in the complaint" and "'may consider materials outside the pleadings.'"  *Morrow v. United States*, 723 F. Supp. 2d 71, 76 (D.D.C. 2010) (quoting *Jerome Stevens Pharms., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005)).

**B.      Federal Rule of Civil Procedure 12(b)(6)**

Under Rule 12(b)(6), the court will dismiss a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a motion under Rule 12(b)(6), a court accepts all well-pled factual allegations in the complaint as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Atherton v. D.C. Off. of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009). Although the plausibility standard does not require "detailed factual allegations," it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will "'naked assertion[s]' devoid of 'further factual enhancement'" suffice. *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

In determining whether a complaint fails to state a claim, a court may consider only the facts alleged in the complaint and "any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *N. Am. Butterfly Ass'n v. Wolf*, 977 F.3d 1244, 1249 (D.C. Cir. 2020) (alteration in original) (quoting *Hurd v. District of Columbia*, 864 F.3d 671, 678 (D.C. Cir. 2017)).

**C.      Pro Se Litigants**

Pleadings by pro se litigants are generally held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). This liberal construction "is not, however, a license to ignore the Federal Rules of Civil Procedure." *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009). The court will consider

6

all of Mr. Simon's filings and attachments, not just his complaint, in evaluating Defendants' motion to dismiss. *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 151-52 (D.C. Cir. 2015).

## IV.    DISCUSSION

### A.    Subject-Matter Jurisdiction

The court begins, as it must, with subject-matter jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Schmidt v. U.S. Capitol Police Bd.*, 826 F. Supp. 2d 59, 64 (D.D.C. 2011) (explaining that when a defendant files a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6), "the court must first examine the Rule 12(b)(1) challenge[]" because a lack of subject-matter jurisdiction renders all other defenses and objections moot).

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *Groce v. Rodriguez*, 743 F. Supp. 3d 244, 248 (D.D.C. 2024) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). This immunity extends to federal agencies as well. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). Congress may waive the United States' sovereign immunity for certain claims, but such a waiver "must be unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. King*, 395 U.S. 1, 4 (1969)). Before a plaintiff can sue the United States, he "bears the burden of establishing that sovereign immunity has been abrogated." *Stone v. Holder*, 859 F. Supp. 2d 48, 51 (D.D.C. 2012). If he fails to do so, he cannot "establish the jurisdiction necessary to survive a Rule 12(b)(1) motion to dismiss." *Jackson v. Bush*, 448 F. Supp. 2d 198, 200 (D.D.C. 2006).

Defendants argue that the court lacks subject-matter jurisdiction because the United States has not waived sovereign immunity for Mr. Simon's claims. ECF No. 11, at 16-18, 23. Mr. Simon

responds that the court has subject-matter jurisdiction under various federal statutes, ECF No. 22, at 2, and that 42 U.S.C. § 1983, "Ex Parte Young doctrine," and the APA waive sovereign immunity, *id.* at 5. The court considers each argument in turn.

### 1.    42 U.S.C. § 1983

Section 1983 provides a civil cause of action against "[e]very person" who, while acting "under color of [state law]," deprives an individual of their constitutional rights. 42 U.S.C. § 1983; *see Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1104 (D.C. Cir. 2005). As a general rule, however, the statute "does not apply to federal actors." *Mullen v. Bureau of Prisons*, 843 F. Supp. 2d 112, 116 (D.D.C. 2012). The determinative consideration is whether the defendant was acting under the color of *state law* when he violated the plaintiff's rights. *See Williams v. United States*, 396 F.3d 412, 413-16 (D.C. Cir. 2005). Here, Mr. Simon is suing four federal defendants for violations of federal law, so the "state law" component is missing. *See* ECF No. 1. Accordingly, 42 U.S.C. § 1983 cannot form the basis for a waiver of federal sovereign immunity over Mr. Simon's claims.[4]

---

[4] Mr. Simon's complaint also invokes other provisions of the Civil Rights Act and the ADA. ECF No. 1, at 3. These statutes similarly fail to provide a waiver of sovereign immunity. *See Michel-Wiggins v. Dep't of Hous. & Urb. Dev.*, No. 23-CV-3398, 2025 WL 2709770, at *4 (D.D.C. Sep. 23, 2025) ("[G]iven that neither Title II nor Title III of the ADA applies to the federal government, those statutes unsurprisingly do not include a waiver of the federal government's sovereign immunity."); *Jean-Baptiste v. U.S. Dep't of Just.*, No. 23-CV-432, 2024 WL 1253858, at *4-5 (D.D.C. Mar. 25, 2024), *aff'd*, No. 24-5070, 2024 WL 5495581 (D.C. Cir. Oct. 29, 2024) (holding that sovereign immunity barred claims brought under 42 U.S.C. §§ 1983, 1985, and 1986); *Faller v. U.S. Dep't of Just.*, No. 20-CV-1597, 2021 WL 4243384, at *8 (D.D.C. Sep. 17, 2021) ("[A]s with section 1983 and the other sections of the Civil Rights Act, courts have consistently held that the United States and its agencies have not waived sovereign immunity under section 1985."); *Edwards v. United States*, No. 18-CV-2569, 2020 WL 2800605, at *7 (D.D.C. May 29, 2020) (explaining that "courts have long held that none of the titles [in the ADA] is directed toward the federal government").

### 2.    *Ex parte Young*

*Ex parte Young*, 209 U.S. 123 (1908), also fails to provide the requisite waiver of sovereign immunity for Mr. Simon's claims.  The "*Ex parte Young* doctrine allows suits for declaratory and injunctive relief against government officials in their official capacities—notwithstanding the sovereign immunity possessed by the government itself."  *Vann v. U.S. Dep't of Interior*, 701 F.3d 927, 929 (D.C. Cir. 2012).  "While *Ex parte Young* was indeed a case about state officials, the Supreme Court has recognized that doctrine's applicability to 'violations of federal law by federal officials,' too."  *Mahoney v. U.S. Capitol Police Bd.*, No. 21-CV-2314, 2023 WL 2770430, at *6 (D.D.C. Apr. 4, 2023) (quoting *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 327 (2015)).  Here, however, Mr. Simon alleges violations of federal law by federal agencies, not officials sued in their official capacities.  Accordingly, *Ex parte Young* cannot apply.  *See Mahoney*, 2023 WL 2770430, at *6 (dismissing an entity as a defendant and allowing the suit to proceed only against individually named officers).  And even if this court were to substitute officials as the defendants and consider Mr. Simon's garnishment-related claims on the merits, the court would dismiss them for failure to state a claim.  *See infra* n.5.

### 3.    APA

Finally, Mr. Simon is correct that the APA waives federal sovereign immunity in actions "seeking relief other than money damages."  5 U.S.C. § 702; *see Cohen v. United States*, 650 F.3d 717, 723 (D.C. Cir. 2011).  However, "the APA's waiver of immunity comes with an important carve-out: The waiver does not apply 'if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought' by the plaintiff."  *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 567 U.S. 209, 215 (2012) (quoting 5 U.S.C. § 702).  The court

concludes that the APA's waiver of sovereign immunity applies to Mr. Simon's claims regarding Defendants' failure to correct his military service classification, but not to his other claims.

### a. Garnishment claims

As noted, Congress has granted a limited waiver of sovereign immunity to permit garnishment proceedings to be brought against the United States "for enforcement of child-support and alimony obligations." 42 U.S.C. § 659; *see Rose v. Rose*, 481 U.S. 619, 635 (1987) ("[Section 659(a)] was intended to create a limited waiver of sovereign immunity so that state courts could issue valid orders directed against agencies of the United States Government attaching funds in the possession of those agencies."). Specifically, the statute specifies that "the United States . . . shall [not] be liable with respect to any payment made from moneys due or payable from the United States to any individual pursuant to legal process regular on its face, if the payment is made in accordance with this section and the regulations issued to carry out this section." 42 U.S.C. § 659(f)(1). The term "legal process" for purposes of Section 659(f) "includes any garnishment order issued by a state court of competent subject-matter jurisdiction." *Trimble v. U.S. Soc. Sec.*, 369 F. App'x 27, 31 (11th Cir. 2010) (per curiam); *see* 42 U.S.C. § 659(i)(5). Under Section 659(f), the Supreme Court has held that "the Government cannot be held liable for honoring a writ of garnishment which is 'regular on its face' and has been issued by a court with subject-matter jurisdiction to issue such orders." *United States v. Morton*, 467 U.S. 822, 836 (1984).

Because Section 659(f) "enacts an absolute shield to government liability for payments made 'pursuant to legal process regular on its face,'" Mr. Simon cannot rely on the APA to establish subject-matter jurisdiction over his garnishment-related claims. *El-Amin*, 2023 WL 7123775, at *4 (quoting *Morton*, 467 U.S. at 834-36); *see Muhammad v. Comm'r of Soc. Sec.*,

No. 23-CV-2128, 2024 WL 3272267, at *1 (D.N.J. July 2, 2024) (explaining that "federal courts do not have subject matter jurisdiction to hear a challenge to the garnishment efforts of the United States and federal agencies"); *Edwards v. Colvin*, No. 13-CV-1655, 2014 WL 5493473, at *3 (W.D. Pa. Oct. 30, 2014) ("[T]he SSA is immune from liability when it withholds [Social Security] benefits pursuant to a state court order entered by a court of competent jurisdiction."); *see also Stephens v. U.S. Dep't of Navy*, 589 F.2d 783, 783 (4th Cir. 1979) (per curiam) (noting that Section 659 "does not confer federal jurisdiction").

Here, the SSA cannot be held liable for enforcing a garnishment order that appears, on its face, to be issued by a court of competent jurisdiction and in accordance with state laws and regulations. The County of San Diego submitted an "Income Withholding for Support" order to the SSA, which directed the SSA to deduct $700 per month from Mr. Simon's Social Security benefits. ECF No. 11-1, at 3. The order included language stating, "This IWO [Income Withholding Order] must be regular on its face. Under certain circumstances, you must reject this IWO and return it to the sender . . . . If you receive this document from someone other than a state or tribal [Child Support Agency] or a court, a copy of the underlying support order must be attached." *Id.*; *see Dockery v. Comm'r, Soc. Sec.*, No. 15-CV-2650, 2016 WL 3087453, at *3 (D. Md. June 1, 2016) (finding that a support order with identical language was "regular on its face"). While Mr. Simon argues that Defendants' exhibits should be stricken as "fraudulent and defective," ECF No. 27, at 1, his objections to the income withholding order are unavailing. "The child support order was issued on a DCSS letterhead and on DCSS forms, it referenced the agency's statutory authority, and it included the case number for the California state court case authorizing the child support order." *Rasooly v. Long*, No. 15-CV-4540, 2017 WL 6539650, at *2 (N.D. Cal. Dec. 21, 2017), *aff'd*, 797 F. App'x 381 (9th Cir. 2020); *see* ECF No. 11-1.

Mr. Simon also argues that the underlying support order was not issued by a court "of competent jurisdiction" because it was rendered by an unelected commissioner, not a judge, without stipulation by both parties.  ECF No. 26, at 1-7.  However, Mr. Simon provides no evidence that the Superior Court of California lacked subject-matter jurisdiction, and, given that the support order was regular on its face, the SSA was not required to further "inquir[e] into the issuing court's jurisdiction over" Mr. Simon.  *Morton*, 467 U.S. at 829.  The Supreme Court has held that such an inquiry would be inconsistent with Section 659, "which requires the recipient of the writ to act on the basis of the 'face' of the process."  *Id.*

At bottom, the court lacks subject-matter jurisdiction over Mr. Simon's challenges to the garnishment of his Social Security benefits pursuant to a facially valid child support order.[5]  As the SSA's letter to Mr. Simon pointed out, any "challenges to the underlying garnishment order ought to have been brought directly to its issuing authority."  *El-Amin*, 2023 WL 7123775, at *5; *see* ECF No. 22, at 17.[6]

---

[5] Mr. Simon also invokes 38 U.S.C. § 5301, which provides that veterans' benefits are non-assignable and "exempt from the claims of all creditors."  However, this statute does not contain a waiver of sovereign immunity.  Even if it did and this court had subject-matter jurisdiction over Mr. Simon's garnishment-related claims, those claims would fail.  As Mr. Simon's own exhibits demonstrate, the SSA is garnishing his Social Security disability benefits, *not* his VA disability benefits.  *See* ECF No. 22, at 17-18, 28.  While Mr. Simon is correct that VA benefits are exempt from garnishment under Section 5301, that statute has no bearing on his case.

[6] Indeed, Mr. Simon has already challenged these proceedings in California state court, *see* ECF No. 22, at 10-19, and federal court, *id.* at 20-35; *see Simon v. Bostic*, No. 24-CV-1665 (S.D. Cal. Sep. 18, 2024), ECF No. 1, *appeal dismissed*, No. 25-2164 (9th Cir. July 17, 2025), ECF No. 15; *Simon v. Cumba*, No. 25-CV-107 (S.D. Cal. Jan. 17, 2025), ECF No. 1, *appeal docketed*, No. 25-1727 (9th Cir. Mar. 17, 2025).  In *Simon v. Bostic*, the district court found that the *Rooker Feldman* doctrine barred Mr. Simon's claims arising out of his divorce proceedings.  Order at 2, No. 24-CV-1665 (S.D. Cal. Mar. 6, 2025), ECF No. 52; *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Apps. v. Feldman*, 460 U.S. 462 (1983).  Likewise, here, this

*(continued on next page)*

b.    *Remaining claims*

Mr. Simon also alleges that Defendants' failure to correct his military service classification and disability record violates his constitutional due process rights. ECF No. 22, at 3, 8. He seeks declaratory and injunctive relief, including an order directing Defendants "to correct and or enforce correction on all records to reflect [his] actual status as discharged veteran, disabled, not retired"; to "notify all subordinate agencies and contractors of this correction"; and "to preserve records and communications relating to [his] classification and enforcement actions for federal subpoena." ECF No. 1, at 6. Defendants do not specifically address the court's subject-matter jurisdiction over these claims, which the court construes as distinct from Mr. Simon's claims challenging the SSA's garnishment of his Social Security benefits.

As noted, Section 702 of the APA "eliminated the sovereign immunity defense in virtually all actions for non-monetary relief against a U.S. agency or officer acting in an official capacity." *Clark*, 750 F.2d at 102; *see Perry Capital LLC v. Mnuchin*, 864 F.3d 591, 620 (D.C. Cir. 2017) ("We have 'repeatedly' and 'expressly' held in the broadest terms that 'the APA's waiver of sovereign immunity applies to any suit whether under the APA or not.'" (quoting *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 186 (D.C. Cir. 2006))). Accordingly, sovereign immunity does not bar Mr. Simon's claims seeking the correction of his government records. *Clark*, 750 F.2d at 102

---

court lacks subject-matter jurisdiction on the additional ground that the *Rooker Feldman* doctrine applies to claims arising out of Mr. Simon's child-support proceedings. *See Greenfield v. District of Columbia*, No. 24-CV-2472, 2025 WL 1358378, at *4 (D.D.C. Apr. 8, 2025), *aff'd*, No. 25-7070, 2025 WL 2982997 (D.C. Cir. Oct. 16, 2025) (finding that the court "lacks jurisdiction to consider Plaintiff's challenge to the child support decrees at issue"). To the extent Mr. Simon is challenging the garnishment order's reliance on his "false" classification as "retired," ECF No. 1, at 5, those claims ought to be brought in the state tribunal that adjudicated his child support obligations, *see Glass v. U.S. Dep't of Health & Hum. Servs.*, No. 17-CV-428, 2017 WL 5479442, at *5 (D.D.C. Nov. 14, 2017) ("Insofar as plaintiff brings this lawsuit . . . as a means by which to alter, overturn, or enjoin enforcement of . . . child support orders, the *Rooker Feldman* doctrine applies.").

(holding that sovereign immunity did not bar a claim seeking the "correction of [the plaintiff's] personnel records"); *see Chacoty v. Tillerson*, 285 F. Supp. 3d 293, 302 (D.D.C. 2018) (finding that the plaintiff's "Due Process Clause claims . . . [fell] within the APA's affirmative waiver of sovereign immunity"); *see also Kidwell v. Dep't of Army, Bd. for Corr. of Mil. Recs.*, 56 F.3d 279, 283-84 (D.C. Cir. 1995) (noting that "jurisdiction under the APA would appear to lie" over a complaint seeking the correction of the plaintiff's army records).[7]

Finally, Mr. Simon asks this court to order the DOJ "to account for and respond to" his "multiple complaints requesting ADA accommodations and fraud intervention." ECF No. 1, at 5-6. This court, however, lacks jurisdiction to review agency action committed to agency discretion by law, and "an agency's decision whether to prosecute, investigate, or enforce has been recognized as purely discretionary and not subject to judicial review." *Wightman-Cervantes v. Mueller*, 750 F. Supp. 2d 76, 80 (D.D.C. 2010); *see Heckler v. Chaney*, 470 U.S. 821, 828-32 (1985); *Hyde v. Thirolf*, No. 15-CV-670, 2015 WL 2120570, at *1 (D.D.C. May 1, 2015) (explaining that "courts lack jurisdiction to review an agency's decision whether or not to investigate claims of wrongdoing").

---

[7] The court notes that the potential availability of a Privacy Act suit under 5 U.S.C. § 552a does not take this case outside the scope of the APA's sovereign immunity waiver. "The Privacy Act requires agencies to make reasonable efforts to ensure the accuracy of the records it maintains about individuals." *Majid v. Fed. Bureau of Investigation*, 245 F. Supp. 3d 63, 69 (D.D.C. 2017) (citing *Doe v. Fed. Bureau of Investigation*, 936 F.2d 1346, 1350 (D.C. Cir. 1991))). The Act allows individuals to access agency records about themselves and to request the amendment of records "they believe to be inaccurate, irrelevant, untimely, or incomplete." *Doe*, 936 F.2d at 1350 (citing 5 U.S.C. § 552a(d)(1)-(2)). As another judge in this district has observed, the Privacy Act is likely "not the kind of comprehensive and 'exclusive' remedial statute that impliedly displaces related remedies under other statutes" like the APA. *All. for Retired Ams. v. Bessent*, 770 F. Supp. 3d 79, 105-06 (D.D.C. 2025). Moreover, Mr. Simon's complaint could be generously construed as bringing a claim under the Privacy Act, "which itself contains a waiver of sovereign immunity." *McKoy v. Spencer*, 271 F. Supp. 3d 25, 31 n.3 (D.D.C. 2017).

The court therefore concludes that it lacks jurisdiction over Mr. Simon's claims arising out of the SSA's garnishment of his Social Security benefits and the DOJ's failure to act on his complaints, but the court will proceed to the merits of his claims concerning his military classification.

### B.    Failure to State a Claim

Mr. Simon alleges that Defendants have failed to correct his false "retired" classification in violation of his due process rights.  ECF No. 1, at 4-5; *see* ECF No. 22, at 3-4 (alleging "due process violations in service classification and recordkeeping").  Defendants argue that the court should dismiss his allegations for failure to state a claim.  The court agrees.

Mr. Simon has not alleged any facts showing that Defendants have misclassified him as "retired."  Indeed, the government records from the U.S. Army, the SSA, and the VA that Mr. Simon cites all correctly refer to Mr. Simon as an honorably discharged veteran who receives VA disability benefits.  *See* ECF No. 22, at 14-17, 20-24.  While Mr. Simon argues that the SSA "sent contradictory letters—acknowledging receipt of evidence of service, while simultaneously refusing to update their records," his records reflect no such contradiction or "misinformation." *Id.* at 3; *see* ECF No. 8 (offering "supplemental evidence confirming systemic misclassification"). Neither the SSA's letter describing Mr. Simon's Social Security benefits, ECF No. 22, at 14-15, nor the SSA's letter informing him of the garnishment, *id.* at 17, refers to his military service or alleged classification as "retired."  Similarly, the correspondence from U.S. Senator Alex Padilla's office confirms the SSA's garnishment of Mr. Simon's Social Security benefits while affirming that his VA benefits remain unaffected.  *Id.* at 28-30.

Mr. Simon also argues that his false "retired" classification "was injected into proceedings" before the Superior Court of California and that Defendants, in enforcing garnishment on this "void

premise," "failed to correct or halt reliance on the false classification." ECF No. 1, at 5; *see* ECF No. 8, at 1-2 (alleging that the SSA's garnishment letter "[a]pplies garnishment to [his] benefits as though they are military retirement pay"). However, this argument boils down to a challenge to the SSA's garnishment of his benefits—which this court lacks jurisdiction to hear, *see supra* Section III.A—rather than to any inaccuracy in Defendants' records. Accordingly, Mr. Simon fails to state a claim based on his misclassification as "retired" in government records.

## V.   CONCLUSION

For the foregoing reasons, the court will grant Defendants' Motion to Dismiss, ECF No. 11; deny Plaintiff's motions as moot, ECF Nos. No. 2, 14 to 17, 24, 25, 28; and dismiss the case. A contemporaneous order will issue.

_____

LOREN L. ALIKHAN
United States District Judge

Date:   November 5, 2025

16