# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PHILLIP WALTER SIMON,

        *Plaintiff*,

    v.

SOCIAL SECURITY ADMINISTRATION, *et al.*,

        *Defendants*.

Civil Action No. 25 - 3452 (LLA)

## MEMORANDUM OPINION AND ORDER

On November 5, 2025, the court dismissed Plaintiff Phillip Walter Simon's pro se action against the Social Security Administration ("SSA"), the U.S. Department of Justice ("DOJ"), the U.S. Department of Health and Human Services ("HHS"), and the Office of Child Support Enforcement.[1]  ECF No. 31.  Mr. Simon now seeks relief from judgment pursuant to Federal Rule of Civil Procedure 60(d)(3), ECF No. 32, an order certifying a constitutional question pursuant to 28 U.S.C. § 2403, ECF No. 33, and sanctions, ECF No. 39.  Defendants have filed a motion for an extension of time to respond to Mr. Simon's motion for reconsideration, ECF No. 40, which Mr. Simon opposes, ECF No. 41.  For the reasons explained below, the court will deny Mr. Simon's motions and deny Defendants' motion as moot.

---

[1] Mr. Simon named as Defendant the "Office of Child Support Enforcement," a subcomponent of HHS that was renamed the Office of Child Support Services in 2023.  ECF No. 11, at 1 n.1; *see* U.S. Dep't of Health & Hum. Servs., Off. of Child Support Servs., *Name Change to Office of Child Support Services*, https://perma.cc/JR48-P5UJ.  The court will thus refer to this Defendant as the Office of Child Support Services.

# I. FACTUAL BACKGROUND

The court recounts the facts as described in its previous memorandum opinion. ECF No. 30. The Social Security Act generally protects Social Security benefits, which are administered by the SSA, from "execution, levy, attachment, garnishment, or other legal process." 42 U.S.C. § 407(a). Veterans' benefits are administered by the Department of Veterans Affairs ("VA") and are also exempt from "attachment, levy, or seizure." 38 U.S.C. § 5301(a)(1). However, as relevant here, "[t]he United States has made itself subject to state-authorized garnishment proceedings . . . for the enforcement of child-support obligations" under 42 U.S.C. § 659. *El-Amin v. Comm'r of Soc. Sec.*, No. 23-2209, 2023 WL 7123775, at *4 (3d Cir. Oct. 30, 2023) (per curiam); *see* 42 U.S.C. § 659(a), (h)(1)(A)(ii)(I); 20 C.F.R. § 404.1820 (2025).

Mr. Simon is a veteran who was honorably discharged from the U.S. Army in 2013. ECF No. 1, at 5; *see* ECF No. 2-1 ¶ 2; ECF No. 22, at 20-21, 23.[2] In 2017, the VA rated Mr. Simon as "100% disabled," ECF No. 2-1 ¶ 4, which means that he is "considered to be totally and permanently disabled due solely to [his] service-connected disabilities," ECF No. 22, at 23. Mr. Simon receives $2,108.40 in monthly Social Security disability benefits, ECF No. 22 at 14, and $5,122.47 in monthly disability compensation from the VA, *id.* at 28; *see* ECF No. 2-2, at 7.

---

[2] When citing Mr. Simon's filings, the court uses the page numbers generated by CM/ECF, rather than any internal pagination.

As part of family court proceedings in the Superior Court of California, Mr. Simon was ordered to pay $500 per month to support his three minor children.[3] Ex. A at 4-5, *Simon v. Cumba*, No. 25-CV-107 (S.D. Cal. Jan. 17, 2025), ECF No. 10-2; *see Watts-Simon v. Simon*, No. 21FL004274N (Cal. Sup. Ct.); Compl. ¶ 5, *Simon v. Cumba*, No. 25-CV-107 (S.D. Cal. Jan. 17, 2025), ECF No. 1; *see also* ECF No. 26, at 10-19 (various motions filed by Mr. Simon in the child support proceedings), 27-31 (Superior Court of California commissioner's findings regarding child support). In June 2025, the County of San Diego Department of Child Support Services ("DCSS") sent an income withholding order to the SSA's Benefits Office for San Diego, instructing the office to "[d]educt a portion of the benefits otherwise payable to [the] Social Security beneficiary" in the amount of $700 per month—$500 for current child support and $200 for past-due child support. ECF No. 11-1, at 1-4.

On July 31, 2025, the SSA sent Mr. Simon a letter notifying him that it "ha[d] been ordered to take $700.00 from each monthly payment . . . to pay [his] obligation for child support, alimony or court ordered victim restitution" in connection with "court order number 200000002737095." ECF No. 22, at 17; *see* ECF No. 11-1, at 3 (income withholding order with case ID number 200000002737095). The SSA advised Mr. Simon that if he "disagree[d] with the decision of the court that issued the garnishment order," he should contact the court that issued the order. ECF No. 22, at 17.

---

[3] Mr. Simon has filed multiple federal suits challenging the dissolution of his marriage and his child support obligations, each of which has been dismissed. *See Simon v. Washington*, No. 25-CV-109 (S.D. Cal. Mar. 6, 2025), ECF No. 13, *appeal dismissed*, No. 25-2159 (9th Cir. July 17, 2025), ECF No. 14 (dismissing appeal as frivolous); *Simon v. Cumba*, No. 25-CV-107 (S.D. Cal. Mar. 6, 2025), ECF No. 23, *appeal docketed*, No. 25-1727 (9th Cir. Mar. 17, 2025); *Simon v. Bostic*, No. 24-CV-1665 (S.D. Cal. Mar. 6, 2025), ECF No. 52, *appeal dismissed*, No. 25-2164 (9th Cir. July 17, 2025), ECF No. 15 (dismissing appeal as frivolous); *Simon v. Superior Ct. of Cal.*, No. 23-CV-889 (S.D. Cal. Jan. 18, 2024), ECF No. 19.

## II.     PROCEDURAL HISTORY

In September 2025, Mr. Simon filed this action alleging that Defendants are unlawfully garnishing his "VA disability benefits . . . , which are protected from levy, garnishment, and seizure under . . . 38 U.S.C. § 5301" and that Defendants have "failed to correct or halt reliance on [his] false classification" as a "retired" veteran.  ECF No. 1, at 5.  He also filed a motion for a temporary restraining order and a preliminary injunction.  ECF No. 2.  Over the following month, Mr. Simon filed several supplemental submissions in support of his motion.  ECF Nos. 4, 5, 8.

In October 2025, Defendants filed a combined opposition to the motion for injunctive relief and motion to dismiss for lack of subject-matter jurisdiction and for failure to state a claim.  ECF Nos. 10, 11.  Mr. Simon filed a reply in support of his motion for injunctive relief, ECF No. 12, and an opposition to Defendants' motion to dismiss, ECF No. 22.  Defendants also filed a notice regarding the lapse of appropriations, ECF No. 18, which Mr. Simon opposed, ECF No. 20.  In response, the court ordered that Defendants need not file any additional responses.  *See* Oct. 20, 2025 Minute Order.  Mr. Simon filed additional motions and notices seeking various forms of relief.  ECF Nos. 13 to 17, 19, 23 to 29.

On November 5, 2025, the court granted Defendants' motion to dismiss, dismissed Mr. Simon's pending motions as moot, and dismissed the action.  ECF Nos. 30, 31.  The court concluded that it lacked subject-matter jurisdiction over Mr. Simon's garnishment-related claims because 42 U.S.C. § 659 "enacts an absolute shield to government liability for payments made 'pursuant to legal process regular on its face.'"  *El-Amin*, 2023 WL 7123775, at *4 (quoting *United States v. Morton*, 467 U.S. 822, 834-36 (1984)); *see* ECF No. 30, at 7-12.  The court also dismissed Mr. Simon's claims challenging the DOJ's failure to act on his complaints for lack of subject-matter jurisdiction.  ECF No. 30, at 14-15.  The court then dismissed Mr. Simon's claims alleging that Defendants did not correct his military classification for failure to state a claim.  *Id.*

at 15-16.    The same day, Mr. Simon filed a motion for relief from judgment pursuant to Rule 60(d)(3) based on fraud on the court, ECF No. 32, and a motion to certify constitutional questions pursuant to 28 U.S.C. § 2403, ECF No. 33.    Also on November 5, Mr. Simon filed a notice of appeal to the U.S. Court of Appeals for the D.C. Circuit, ECF No. 34, and, the following day, he filed two supplemental declarations in support of his motions, ECF Nos. 36, 37.    The D.C. Circuit has held the appeal in abeyance pending this court's resolution of Mr. Simon's Rule 60 motion.    Order, *Simon v. Social Sec. Admin.*, No. 25-5397 (D.C. Cir. Nov. 6, 2025).

Mr. Simon also filed a motion for sanctions in December 2025.    ECF No. 39.    Defendants filed a motion for an extension of time to respond to Mr. Simon's reconsideration motion, ECF No. 40, which Mr. Simon opposed, ECF No. 41.

### III.    LEGAL STANDARD

Rule 60(d)(3) provides that a court has the power "to set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3).    "Fraud on the court . . . is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury."    *Willett v. Pompeo*, 640 F. Supp. 3d 1, 9 (D.D.C. 2022) (alteration in original) (quoting *Baltia Air Lines, Inc. v. Transaction Mgmt., Inc.*, 98 F.3d 640, 642 (D.C. Cir. 1996)).    Relief under Rule 60(d)(3) is "very rarely warranted, and is 'typically confined to the most egregious cases, such as bribery of a judge or a juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged.'"    *More v. Lew*, 34 F. Supp. 3d 23, 28 (D.D.C. 2014) (quoting *Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters*, 675 F.2d 1349, 1356 (4th Cir. 1982)).    The party alleging fraud on the court "must present 'clear and convincing evidence.'"    *Willett*, 640 F. Supp. 3d at 9 (quoting *Shepherd v. Am. Broad. Cos.*, 62 F.3d 1469, 1477 (D.C. Cir. 1995)).

## IV.    DISCUSSION

Mr. Simon fails to meet the "extraordinarily high standard" for showing fraud on the court. *Stonehill v. Internal Revenue Serv.*, No. 06-CV-599, 2024 WL 4679128, at *4 (D.D.C. Nov. 5, 2024).   Mr. Simon first argues that Defendants' counsel "knowingly submitted" to the court a "fabricated and jurisdictionally void" Income Withholding Order ("IWO") as part of a "deliberate scheme to mislead the Court."  ECF No. 32, at 1-3 (emphases omitted); *see* ECF No. 36, at 1-3; ECF No. 37, at 1-4.   He points to a later version of the IWO signed by a different DCSS representative as an example of an "administrative reproduction[] fabricated by child-support enforcement staff acting without jurisdiction or authority."  ECF No. 37, at 1.  However, the court has already rejected Mr. Simon's arguments that the IWO was defective and that the commissioner who issued his child support order lacked jurisdiction over him, *see* ECF No. 30, at 11-12, and Mr. Simon's new assertion that his current DCSS case manager recently re-issued an identical version of the IWO does not suggest fraud.  In any event, as noted, fraudulent documents and false statements are considered fraud "between the parties," not fraud "directed to the judicial machinery itself."  *Willett*, 640 F. Supp. 3d at 9 (quoting *Baltia Air Lines*, 98 F.3d at 642).  Accordingly, even assuming Mr. Simon's allegations are true, he still fails to establish fraud on the court.  *See Stonehill*, 2024 WL 4679128, at *4 (denying a Rule 60(d)(3) motion where the plaintiff alleged that the defendant and its attorneys submitted false declarations).

Mr. Simon further argues that Defendants' counsel "knowingly misrepresented [him] as a 'military retiree'" and omitted documents showing the administrative complaints he had previously filed with Defendants.  ECF No. 32, at 3.   He contends that Defendants' fraud "prevented the Court from performing its constitutional duty to enforce 38 U.S.C. § 5301 and due-process protections."  *Id.* at 4.  These arguments, too, fail to establish fraud.  Mr. Simon does not present any evidence that Defendants' counsel "knowingly misrepresented" facts to the court,

*id.* at 3-4, let alone that counsel exerted "improper influence" on the court, *More*, 34 F. Supp. 3d at 28 (quoting *Great Coastal Express*, 675 F.2d at 1356), akin to bribery of a judge or knowing participation in the presentation of perjured testimony, *see Baltia Air Lines*, 98 F.3d at 643. Similarly, Defendants' counsel's alleged "omission" of potentially relevant materials, ECF No. 32, at 3, is not sufficient to establish fraud, *see Davis v. U.S. Dep't of Health & Hum. Servs.*, 968 F. Supp. 2d 176, 184 (D.D.C. 2013), *aff'd*, No. 13-5294, 2014 WL 2178705 (D.C. Cir. Apr. 25, 2014) (per curiam) ("[T]he mere fact that the government did not tell the court everything it knew about [the plaintiff's] claims . . . does not mean that there was fraud on the court.").[4]

Mr. Simon's remaining arguments merely reflect his disagreement with the court's decision and do not justify relief from judgment. *See* ECF No. 32, at 3-4 (arguing that Defendants "conceal[ed]" jurisdictional issues in his state-court proceedings); ECF No. 36, at 2-4 (arguing that the court has jurisdiction over his garnishment-related claims and erred in dismissing his other motions as moot); ECF No. 37, at 3-4 (arguing that the court ignored statutory and constitutional violations). Rule 60(d)(3) does not provide a vehicle for relitigating the merits of a plaintiff's claims, and Mr. Simon "cannot assert fraud or fraud on the court simply because he disagrees with the rulings of this Court." *Jordan v. U.S. Dep't of Lab.*, 331 F.R.D. 444, 452 (D.D.C. 2019), *aff'd*,

---

[4] For similar reasons, the court also denies Mr. Simon's motion for sanctions, ECF No. 39, which alleges that Defendants' counsel knowingly made false representations and submitted "fabricated state forms" to the court, *id.* at 3-6. "Rule 11 sanctions are an extreme punishment for filing pleadings that frustrate judicial proceedings," *Brown v. Fed. Bureau of Investigation*, 873 F. Supp. 2d 388, 408 (D.D.C. 2012) (quoting *Wasserman v. Rodacker*, No. 06-CV-1005, 2007 WL 2071649, at *7 (D.D.C. July 18, 2007)), and Mr. Simon has not provided any evidence supporting his accusations, let alone any evidence warranting the extreme punishment of sanctions.

No. 19-5201, 2020 WL 283003 (D.C. Cir. Jan. 16, 2020) (per curiam).  The court will therefore

deny Mr. Simon's motion for relief from judgment pursuant to Rule 60(d)(3).[5]

## V.    CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Mr. Simon's Motion for Relief

from Judgment, ECF No. 32, Motion to Certify Constitutional Questions, ECF No. 33, and Motion

for Sanctions, ECF No. 39, are **DENIED**.  It is further **ORDERED** that Defendants' Motion for

Extension of Time, ECF No. 40, is **DENIED** as moot.

**SO ORDERED.**

_____

LOREN L. ALIKHAN
United States District Judge

Date:   December 5, 2025

---

[5] Mr. Simon also requests that the court certify to the U.S. Attorney General that this case draws into question the constitutionality of an act of Congress affecting the public interest pursuant to 28 U.S.C. § 2403(a).  ECF No. 33.  Section 2403(a) requires certification only when "the United States or any agency, officer or employee thereof is not a party" to the suit.  Here, regardless of whether this case raises a constitutional question, certification is not required because Defendants are agencies of the United States.